ROSA L. JONES, admrx., v. ATLANTIC AND NORTH CAROLINA
RAILROAD COMPANY.

(Filed 5 March, 1907).

**Negligence—Evidence—Nonsuit.**—The mere killing by a railroad
train of an employee engaged in its operation raises no presump-
tion of negligence, and a judgment of nonsuit was proper when
the witness for plaintiff testified, without other evidence as to
negligence of the defendant, that he and plaintiff's intestate
brought a turn of wood to the shanty-car of the train; that the
witness remained thereon, the plaintiff's intestate went back
with the apparent intention of bringing another turn; the train
started and went forward after the usual signals were given
therefor, and that the plaintiff's intestate was killed; as such
does not establish sufficient facts from which actionable negli-
gence could be inferred.

CIVIL ACTION to recover damages for alleged negligent
killing of plaintiff's intestate, tried at October Term, 1906,
of CRAVEN Superior Court, before *Shaw, J.,* and a jury.
At the close of the plaintiff's evidence and on motion of de-
fendant the action was dismissed as on judgment of non-
suit, and the plaintiff excepted and appealed.

*D. L. Ward* for plaintiff.
*Simmons, Ward & Allen* for defendant.

HOKE, J.   There is no presumption of negligence arising
against a railroad company from the mere fact that an em-
ployee has been killed while engaged in the operation of one
of its trains, without any proof ultra tending to show negli-
gence on the part of the company or establish facts from which
such negligence could be reasonably inferred.   6 Thomp.
Com. Law Neg., sec. 7652.   An application of this principle
to the facts of the present case will fully sustain the ruling
of his Honor in dismissing the action.

The deceased was conductor in charge at the time of one
of the defendant's freight trains, which had stopped at some

point on the road to take on blocks of wood—presumably for use in the defendant's "shanty-car."

Ben Merritt, a brakeman, and the only witness who testified as to the occurrence, said that "he and the deceased each got a turn of wood, and the witness put his on the shanty-car and remained upon the car; that the captain (the deceased) started back towards the pile, apparently intending to get another turn of wood, and that in a short time the train started, after having given the usual signals for doing so, and soon thereafter the deceased was found at or near the track," having been run over and fatally injured by the train. The witness said that after the captain started toward the pile, he (the witness) was not in a position to see farther, and did not know where the deceased was when the train started—whether he was on or off the train, nor whether he had or had not given the engineer the signal to start. There is nothing, therefore, which shows or tends to show actionable negligence against the company, nor facts from which such negligence could be reasonably inferred, except the mere fact that the deceased, an employee of the company, was run over and killed by the defendant's train.

The ruling of the Judge below, therefore, must be sustained.

Affirmed.